Martin, J.
delivered the opinion of the court. The plaintiffs’ counsel contends that the judgment, in this case, was not. appealable from, and that they had a right to demand a nonsuit. These positions are denied by the defendant, who contends that judgment ought to have been rendered for him.
There is not any statement of facts, but the defendant has assigned error on the face of the record.
A judgment of nonsuit may be appealed from ; for it is final, not indeed as to matter in controversy, but as to the suit, to which it puts an end. In the act of 1313 the word final is *520 used in contradistinction with 'the word interlock tory. . Interlocutory judgments may be appeal"ed from, wbcre they work an irreparable iniury: final ones, in every ease where the value of the thing claimed authorises it.
It is contended that the plaintiffs had a right to a nonsuit, because at common law, and until the .statute of Henry IV. plaintiffs could be nonsuited, even after a verdict. Farther, that the statute of that king does not forbid a non-suit after a special verdict.
The plaintiffs urge that the trial by jury came to us from the common law of England, and therefore must be considered according to common law principles, unmodified by any statute, while the defendant argues that the common law must be understood with all the amendments introduced by the statutes passed before the declaration of independence.
The trial by jury caine to us a part of the law of England, both common and statute, which the first English settlers brought over* when they left England. At that time the common law was modified by the statute, so far as to prevent a nonsuit, as a matter of right, after a general verdict at least. It had been so for upwards of two centuries. How far the English statutes posterior to the departure of the *521 flrst set ‘"rs, be in force in the United States, ~ or any of them, is a question which it is unnecessary to determine in the present case.
It appears also unnecessary to inquire whether a nonsuit may be claimed after a special verdict, because we think the finding of the jury a general one.
The plaintiffs claim the land as the property of their ancestor; the general issue is pleaded and the title of the ancestor expressly denied. It then behoved the plaintiffs to establish this title; that was the first point in issue. The jury have found that the land belonged to the plaintiffs’ ancestor. Whether by purchase or descent, or by what title, they have not informed us. They have pronounced on the fact and the law; their verdict is a general one. On the issue of non est factum, a finding that the instrument is the defendant’s act and deed is a general one; yet, it seems to find the facts as particularly as they are in the present instance.
The jury have found that “the widow Cbe-doteau remained the real proprietor of the land, ftt the price of its valuation, at the death of her husband.” without' answering whether she remained so ly adjudication, or the consent of the plaintiffs. In order to arrive at this ©onclusion, the decision of two points of .law *522 must real proprietorship ? have been obtained. ' What constitutes How is it Acquired ? In ©rder, that the court, whose province it was té 7 r solve the questions of law arising on a special finding, might give judgment thereon, the facts must have been known, and they do not ap* pear. As she was not the real proprietor of the whole before the death of her husband, according to the first issue, she could not remain ⅞© after it. We must have understood the jury to have meant that she became the real, i. e. sole proprietor, viz. that she acquired a title to the half which was part of her husband’s estate;; She may have become so> by a purchase at the price of the valuation, as the question was pat to the jury, or it may have been adjudicated to; her at that price : but the jury do not find in which of these modes the land became wholly hers. In the latter case, her right depends on ©any facts, which are not proved and which* the court could not assume from the circumstance of the jury having come to a legal result, which they could not correctly arrive at,. Unless these factá were established. Was there before them satisfactory evidence of the miudri* ty of the heirs, the consent of the family meet-, ing, the approbation of the under tutor, toe. ? ,
*523 We are therefore of opinion that the district court erred in allowing a nonsuit after this general finding.
It remains for us to inquire, whether we may give judgment on this general verdict. We think we cannot. A. general verdict is not conclusive in this court as to the matter of fact; we must pronounce on it after the considerar tioo of the statement of facts.
Was it the duty of the defendant and appd^ lant to have procured one? It is shewn to us that the judgment of the district court contains not any of the reasons, nor the citation of the law on w hich it is grounded. He has therefore % right to have it set aside and demand, as we cannot proceed to judgment, that the cause be remanded to be proceeded on to judgment, since the record does not enable us to pronounce on the merits.
It is, therefore, ordered, adjudged and decreed that the cause be remanded, with directions to the judge to proceed therein as if no judgment of nonsuit had been given; and it is further ordered that the> costs be borne by the plaintiffs and appellees.